BASCHAB, Presiding Judge.
On October 15, 2004, the appellant, Sanford Leonard Ryles, was convicted of second-degree receiving stolen property. On November 18, 2004, the trial court sentenced him, as a habitual offender, to serve a term of twenty-two years in prison. See § 13A-5-9, Ala.Code 1975. We affirmed his conviction in an unpublished memorandum and issued a certificate of judgment on June 9, 2006. See Ryles v. State, (No. CR-04-0290) 976 So.2d 519 (Ala.Crim.App.2006) (table). On February 27, 2007, the appellant filed a Rule 32 petition, challenging his conviction. Without requiring a response from the State, the circuit court summarily denied the petition. This appeal followed.
In his petition, the appellant raised ineffective-assistance-of-counsel allegations. The State did not respond to those allegations, and the circuit court did not specifically address them. Because the appellant raised ineffective-assistance-of-counsel allegations that could be meritorious, the circuit court erred in not addressing them. Therefore, we remand this case to the circuit court for that court to make specific, written findings of fact concerning the appellant’s ineffective-assistance-of-counsel allegations. On remand, the circuit court may order the State to respond to the appellant’s specific allegations and/or may conduct an evidentiary hearing on those allegations. If the circuit court determines that the appellant is entitled to relief, it may order such relief. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 42 days after the release of this opinion. The return to remand shall include the circuit court’s specific, written findings of fact; a copy of the State’s response, if any; and a transcript of the remand proceedings, if any, conducted by the circuit court.
REMANDED WITH INSTRUCTIONS. 
McMILLAN, SHAW, WISE, and WELCH, JJ., concur.